# EXHIBIT 1

C-1991-16-G

### 370TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

## CITATION

## STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**GROUP & PENSION ADMINISTRATORS, INC**
**Park Central 8 12770 Merit Drive, 2nd Floor**
**Dallas, Tx 75251**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Noe Gonzalez, 370th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 2nd day of May, 2016 and a copy of same accompanies this citation. The file number and style of said suit being C-1991-16-G, **KNAPP MEDICAL CENTER, A NON-PROFIT TEXAS CORPORATION ON DBA KNAPP MEDICAL CENTER VS. GROUP & PENSION ADMINISTRATORS, INC**

Said Petition was filed in said court by JOHN E. NUELLE, 10 MEDICAL PARKWAY PLAZA III STE 205 DALLAS TX 75234.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 23rd day of May, 2016.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

**ROSENDO ZAMORA, DEPUTY CLERK**

C-1991-16-G
**OFFICER'S RETURN**

Came to hand on _____ of _____, 201____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
      miles ...................$_____

_____

**DEPUTY**
### COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 201___.

_____

**Declarant"**

_____

**If Certified by the Supreme Court of Texas**
**Date of Expiration / SCH Number**

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. **C-1991-16-G**

| | | |
|---|---|---|
| KNAPP MEDICAL CENTER, a non-profit Texas corporation dba KNAPP MEDICAL CENTER,<br>Plaintiff | §<br>§<br>§<br>§<br>§<br>§ | IN THE ___ JUDICIAL<br><br>DISTRICT COURT OF<br><br>HIDALGO COUNTY, TEXAS |
| v. | §<br>§<br>§ | |
| GROUP & PENSION ADMINISTRATORS, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

### PLAINTIFF'S ORIGINAL PETITION

Plaintiff files its Original Petition and allege as follows:

### I.   PARTIES

1.   Plaintiff, Knapp Medical Center dba Knapp Medical Center (hereinafter "Plaintiff" or "KMC") is a non-profit Texas corporation and maintains its principal place of business in Weslaco, Hidalgo County, Texas.

2.   Defendant, Group & Pension Administrators, Inc., (hereinafter "Defendant" or "GPA") is a nonresident company doing business in the state of Texas. This Defendant may be served with process by serving its registered agent for service of process, Jerry L. McPeters, Park Central 8, 12770 Merit Drive, 2nd Floor, Dallas, Texas 75251.

### II.   DISCOVERY LEVEL

3.   Plaintiff intends that discovery be conducted under Level 2 of the Rule 190 of the Texas Rules of Civil Procedure.

### III.   AGENCY

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1991-16-G**

4.      Any time it is alleged in this action that GPA did an act or failed to do any act or thing, it is meant that GPA's authorized, apparent or ostensible agents, employees or representatives did such act or failed to do such act or thing, thereby making GPA liable.

### IV.      JURISDICTION AND VENUE

5.      This Court has jurisdiction over the parties, jurisdiction over the subject matter of this dispute, and jurisdiction to award all relief prayed for herein.

6.      Venue is proper in Hidalgo County because Plaintiff's principal place of business is maintained in Hidalgo County, Texas; and because a substantial part of the events or omissions giving rise to this claim occurred in this county.

### V.      CLAIMS FOR RELIEF

7.      This is a suit concerning the recovery of payment for medical care, treatment, and services provided by Plaintiff to insured members of GPA. Specifically, this suit involves underpayments and/or denials of reimbursement for Plaintiff's medical bills submitted to GPA after having provided medically necessary care and treatment. At all times, Plaintiff was an "out-of-network" provider, i.e., it did not have a managed care agreement with GPA that prescribed reimbursement levels for services provided. Rather, fee reimbursement for Plaintiff was determined solely by GPA's own methodology. In each case, Plaintiff provided medically necessary treatment to GPA members. However, GPA continually denied and/or underpaid Plaintiff's claims made subject of this suit. Plaintiff is alleging Quantum Meruit; unjust enrichment; implied in-law contract, and; breach of contract – third party beneficiary.

8.      Plaintiff seek monetary relief of over fifty thousand dollars ($50,000), an amount which is within the jurisdictional limits of this Court, and for all other relief, general or special, legal or equitable, to which it is entitled.

### VI.      CONDITIONS PRECEDENT

9.      Plaintiff would show that all conditions precedent to their right to claim and recover the relief prayed for herein have been exhausted and/or are futile.

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1991-16-G**

## VII.   FACTUAL BACKGROUND

10.   KMC is an acute care hospital that also maintains a 24 hour emergency room. KMC provides medical services through licensed physicians, available 24 hours a day, seven days a week.

11.   KMC meets all the requirements of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), which requires that any patient that presents to KMC be provided an examination and needed stabilizing treatment, without consideration of insurance or ability to pay.

12.   GPA's insureds have presented and continue to present to KMC for care and treatment which is provided by HMC and physicians on staff at the hospital. Additionally, KMC is required to treat all GPA insureds who present to KMC's emergency department.

13.   KMC is a "non-contracted" facility and does not maintain any provider contracts with GPA. Plaintiff provided health care services to Defendant's members and billed Defendant the reasonable and customary rate for the services provided. However, contrary to Defendant's statutory and contractual duties, Defendant systematically based its reimbursements to Plaintiff on artificially deflated values of what it purported to be reasonable and customary rates. Defendant's payment scheme resulted, as Defendant intended, on Plaintiff being significantly underpaid for the services and care provided to Defendant's members.

14.   For each GPA insured identified by date of service and GPA identification number listed in Exhibit "A" attached hereto, KMC provided health care services to Defendant's members.

15.   Pursuant to rules governing non-contracted facilities, KMC has submitted claims to GPA for payment in a timely manner. The claims included all required information for GPA to process and reimburse KMC for services provided.

16.   KMC's causes of action arise out of GPA's failure to pay and/or underpay the claims listed in Exhibit "A."

## VIII.   COUNT I: QUANTUM MERUIT

17.   Plaintiff repeats, realleges and incorporates all prior paragraphs as if set forth fully herein below.

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1991-16-G**

18.     Plaintiff provided health care services and emergency care to Defendant's insureds. With respect to these emergency services, Plaintiff was required by law to provide care for emergency patients until they were stabilized.

19.     Defendant, as a health care service plan and health insurance company, is required to reimburse Plaintiff for the reasonable value of the services provided.  Accordingly, a contract implied in law was created when Plaintiff provided care and treatment to Defendant's members pursuant to which Defendant was obligated to reimburse Plaintiff for the care provided.

20.     The statutory obligation to reimburse a provider, as well as Defendant's express or implied agreements to reimburse Plaintiff, created contracts implied in law or in fact, which required Defendant to pay Plaintiff's reasonable billed charges.

21.     Notwithstanding this duty, Defendant has failed and refused to pay Plaintiff's reasonable charges. Instead, Defendant has either not paid for the services at all or has paid less than the reasonable charges due to Defendant's systematic use of artificially deflated measures of reasonable and customary rates. Plaintiff is entitled to recover the reasonable value of its services as expressed in the billed charges presented to Defendant.

22.     As a result of Defendant's failure to reimburse Plaintiff for the care and treatment provided to Defendant's insureds, Plaintiff has suffered damages in excess of $30,000.00.

IX.     COUNT II: IMPLIED-IN-LAW CONTRACT

23.     Plaintiff repeats, realleges and incorporates all prior paragraphs as if set forth fully herein below.

24.     Alternatively, Plaintiff pleads for recovery under the theory of implied-in-law-contract.

25.     As an acute care hospital with an emergency room, Plaintiff is required by Federal Law (EMTALA) to provide an examination and needed stabilizing treatment, without consideration of insurance coverage or ability to pay, when a patient presents to the emergency department for attention to an emergency medical condition.

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1991-16-G

26.     As such, Defendant has an obligation to reimburse Plaintiff, as an emergency health care provider, for emergency services they provided to Defendant's insureds.

27.     In other cases, Plaintiff provided care to Defendant's members based on Defendant's express or implied authorization to treat the member. These instances include cases where Defendant either authorized care for services following the stabilization of an emergency condition or authorized pre-scheduled services. Defendant is required by law to reimburse providers for these services rendered to its members. Further, a health plan may not rescind authorization or subsequently refuse to pay for the authorized service provided.

28.     Despite its obligation, Defendant failed to reimburse Plaintiff for the care and treatment it provided to Defendant's insureds.

29.     As a result of Defendant's failure to reimburse Plaintiff for the care and treatment provided to Defendant's insureds, Plaintiff has suffered damages in excess of $30,000.00.

## X.     COUNT III: UNJUST ENRICHMENT-QUASI CONTRACT

30.     Plaintiff repeats, realleges and incorporates all prior paragraphs as if set forth fully herein below.

31.     Alternatively, Plaintiff pleads for recovery under the theory of unjust enrichment.

32.     Defendant has received the benefit of the medical services provided to its insureds by Plaintiff and Defendant has not paid for the services at all or has paid less than the reasonable charges due, despite the fact that Defendant has received premiums for health insurance coverage and has failed to pay for it.

33.     As a result of Defendant's failure to reimburse Plaintiff for the care and treatment provided to Defendant's insureds, Plaintiff has suffered damages in excess of $30,000.00.

## XI.     COUNT IV: BREACH OF CONTRACT – THIRD PARTY BENEFICIARY

34.     Plaintiff repeats, realleges and incorporates all prior paragraphs as if set forth fully herein below.

35.     Alternatively, Plaintiff pleads for recovery under the theory of breach of contract-third party beneficiary.

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1991-16-G**

36.     Defendant entered into written contracts with its members, which were generally expressed in documents titled "Evidence of Coverage" ("EOC"). These contracts generally require Defendant to pay non-participating providers for health care services provided to their members based on a percentage of a provider's reasonable charge.

37.     Plaintiff was an intended third-party beneficiary to the EOCs issued to Defendant's members. The EOCs contain provisions for Defendant to reimburse non-participating hospital providers, *i.e.*, Plaintiff, and specifically provides for payments to be made directly to the non-participating hospital provider. In fact, under the terms of the EOCs, the members are only responsible for the portion of the charge not covered by Defendant, rather than holding the member responsible to pay the entire provider's charge and seek reimbursement from Defendant.

38.     Plaintiff provided health care services to Defendant's members during the dates of service set forth in Exhibit "A" and billed Defendant the reasonable and customary rate for the services provided. However, contrary to the contractual obligation to pay non-participating providers based on a reasonable charge, Defendant instead used an intentionally and arbitrarily deflated measure of reasonable charge upon which it based its reimbursement rates for services provided by Plaintiff to Defendant's insureds. In other cases, Defendant failed to reimburse Plaintiff at all for services provided to its members.

39.     Defendant's failure to reimburse Plaintiff based on a true measure of its reasonable and customary rates, as expressed in the billed charges presented to Defendant, resulted in injury to Plaintiff. Plaintiff is entitled to recover the full amount that Defendant was contractually obligated to reimburse for the services Plaintiff provided to Defendants members.

40.     As a result of Defendant's failure to reimburse Plaintiff for the care and treatment provided to Defendant's insureds, Plaintiff has suffered damages in excess of $30,000.00.

## XII.   JURY DEMAND

41.     Plaintiff hereby demands a trial by jury and submits the requisite fee for same.

## XIII.   PRAYER

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-1991-16-G**

WHEREFORE, PREMISES CONSIDERED, KNAPP MEDICAL CENTER, a non-profit Texas corporation, dba KNAPP MEDICAL CENTER respectfully request that Defendant GROUP & PENSION ADMINISTRATOR, INC. be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant jointly and severally, for the following:

    (a) A money judgment against Defendant for actual damages as stated above, plus interest at the legal rate from the date of judgment until paid;

    (b) A money judgment against Defendant for attorney's fees, reasonable investigative costs, and all of its court costs in this action, plus interest at the legal rate from the date of judgment until fully paid; and

    (c) That Plaintiff be granted all other relief, general or special, at law and in equity, to which it may show itself justly entitled.

Dated: April 28, 2016

Respectfully submitted,

By:
John E. Nuelle
State Bar No. 24095687
Assistant General Counsel
Harlingen Medical Center
c/o Prime Healthcare Services
10 Medical Parkway Plaza III, Suite 205
Dallas, Texas 75234
Phone: 909-235-4454
Fax: 909-235-4316
Email: jnuelle@primehealthcare.com

Counsel for Knapp Medical Center

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1991-16-G

# EXHIBIT A

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-1991-16-G

<u>EXHIBIT "A" TO PETITION</u>

| KMC ID NO. | DATES OF SERVICE | BALANCE OWED |
|---|---|---|
| 1000499374 | 09/22/2014-09/29/2014 | $3,725.00 |
| 1000543953 | 03/30/2015-04/01/2015 | $3715.00 |
| 1000529046 | 01/25/2015-01/30/2015 | $3,672.80 |
| 1000499097 | 09/21/2014-09/24/2014 | $3,628.73 |
| 1000529001 | 01/25/2015-01/29/2015 | $3,604.42 |
| 1000501615 | 10/02/2014-10/10/2014 | $3,570.10 |
| 1000503725 | 10/10/2014-10/16/2014 | $3,556.00 |
| 1000504063 | 10/12/2014-10/12/2014 | $2,995.00 |
| 1000521068 | 12/19/2014-12/19/2014 | $2,974.75 |
| 1000510733 | 11/07/2014-11/19/2014 | $2,626.03 |
| 1000495147 | 09/05/2014-09/05/2014 | $2,491.22 |
| 1000516973 | 12/03/2014-12/05/2014 | $2,403.99 |
| | TOTAL: | $38,963.04 |

CIVIL CASE INFORMATION SHEET

**C-1991-16-G**

Electronically Filed
5/2/2016 6:08:54 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NUMBER *(FOR CLERK USE ONLY)*: _____   COURT *(FOR CLERK USE ONLY)*: _____

STYLED Knapp Medical Center v. Group & Pension Administrators, Inc.

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>John Nuelle | Email:<br>jnuelle@primehealthcare.com | Plaintiff(s)/Petitioner(s):<br>Knapp Medical Center | ☐ Attorney for Plaintiff/Petitioner<br>☐ Pro Se Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: |
| Address:<br>10 Medical Pkwy Plaza III, # 209 | Telephone:<br>909-235-4454 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>Dallas Texas | Fax:<br>909-235-4316 | Defendant(s)/Respondent(s):<br>Group & Pension Administrators,<br>Inc. | Custodial Parent:<br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>24093687 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☒ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>☐ Accounting<br>☐ Legal<br>☐ Medical<br>☐ Other Professional Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>☐ Asbestos/Silica<br>☐ Other Product Liability List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus— Pre-indictment<br>☐ Other: | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>☐ With Children<br>☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental Rights<br>☐ Other Parent-Child: |

| Employment | Other Civil | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: |

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100, 000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000